The provisions of a will, although involving no trust, are often construed both in actions at law and in equity. In an action of ejectment, or partition, or of specific performance, or in various other forms of action, it often becomes essential to interpret the terms of a will in order to determine the controversies of the litigants. In these cases there is an actual issue involved. I am, however, unable to find any authority for an executor to maintain an action in equity which is solely advisory in the relief sought and involving the determination of no controversy over property rights.

We do not pass on any of the questions sought to be determined by this action and involving the construction of the will of the testator. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

McNEECE v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

CARRIERS—INJURIES TO PASSENGERS—EVIDENCE.

In an action for injuries to a passenger by the alleged premature starting of a car as she was attempting to alight, evidence *held* to require a finding that she attempted to alight before the car stopped.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1401.]

Gaynor, J., dissenting in part.

Appeal from Trial Term, Kings County.

Action by Mary McNeece against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Verdict set aside.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

D. A. Marsh, for appellant.

George F. Hickey (M. P. O'Connor, on the brief), for respondent.

MILLER, J. This is an action for personal injuries. The appeal is from the judgment and order denying a motion for a new trial, and the appellant contends that the verdict is against the weight of evidence. Plaintiff's injuries were sustained as the result of being thrown to the ground while attempting to alight from one of defendant's cars. She testified that as the car approached Linden avenue she signaled the conductor to stop; that the car did stop, and while she was attempting to alight the conductor signaled the motorman to go ahead; and the car started suddenly, throwing her to the ground. Four passengers on the car were called by the defendant, and all testified that they observed the occurrence, and that the plaintiff stepped from the car while it was still in motion and before it stopped. While some of them do not identify the plaintiff as the woman whom they saw fall, they sufficiently identify the occurrence; and the testimony of all of them is to the effect that as the car was crossing Linden avenue the plaintiff suddenly started from her seat, motioned to the conductor to stop, and stepped from the car before it had stopped. It is

true, as contended by the respondent, that these witnesses do not relate the transaction in precisely the same way, and that they differ as to some minor details. They all, however, testified alike upon the important circumstance, which they would be likely to remember. The slight difference in their testimony and the inability of some of them to identify the plaintiff, far from being discrediting circumstances, tend to strengthen belief in their credibility and fairness. I now quote from the plaintiff's testimony given on cross-examination:

"Q. Had the car crossed Linden avenue at the time you signaled? A. Yes, sir. Q. It had crossed Linden avenue? A. Yes, sir. Q. And you wanted to get off at Linden avenue? A. Yes, sir. Q. The car was going by the place where you wanted to get off, was it not? A. Yes, sir.

"Plaintiff's Counsel: I want to caution you, without telling you what to say, to listen to the question.

"Q. And you knew that the car was passing the place you wanted to alight, did you not? A. No."

The conductor and the motorman testified to the same effect as did the passengers, and their testimony was corroborated by that of the ambulance surgeon and a police officer respecting the place where the plaintiff was picked up, showing that she had been carried beyond the point where she said she alighted. Thus the verdict has nothing to rest upon but the uncorroborated testimony of the plaintiff, somewhat discredited by admissions made on cross-examination, opposed to that of six witnesses, most of them entirely disinterested, corroborated by such circumstances as are shown by undisputed evidence.

The verdict should be set aside as against the weight of evidence.

Judgment and order reversed, and new trial granted, costs to abide the event, on condition that the defendant within 20 days pay the costs of the trial and the disbursements to date; otherwise, judgment and order affirmed, with costs. All concur, except GAYNOR, J., who dissents from that portion of the decision which requires the payment of the costs of the trial and disbursements to date as a condition.